*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 13b0001n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: DANIEL PEOPLES, JR., ) | |
| ) | No. 12-8017 |
| Debtor. ) | |
| _____ ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio
Case No. 11-30146.

Decided and Filed: January 4, 2013

Before: EMERSON, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Thomas R. Noland, Michael R. Keefe, STATMAN, HARRIS & EYRICH, LLC,
Dayton, Ohio, for Appellee. Daniel Peoples, Jr., Dayton, Ohio, pro se.

_____

**OPINION**
_____

ARTHUR I. HARRIS, Bankruptcy Appellate Panel Judge. This appeal arises from an order
entered by the Bankruptcy Court for the Southern District of Ohio approving the Chapter 7 trustee's
motion to settle and compromise the debtor's employment discrimination claims.

# I. ISSUES ON APPEAL

The issue presented by this appeal is whether the bankruptcy court erred when it approved the Chapter 7 trustee's proposed settlement of the debtor's employment discrimination claims. For the reasons that follow, the order of the bankruptcy court is AFFIRMED.

# II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and neither party timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of a bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). On April 14, 2012, the bankruptcy court entered an order approving the trustee's motion to settle and compromise claims. A bankruptcy court's order approving a trustee's motion to settle and compromise claims is a final, appealable order. *Johnson v. Jackson Family Television Inc. (In re Media Cent., Inc.)*, 190 B.R. 316, 321 (E.D. Tenn. 1994). The debtor timely filed a notice of appeal on April 23, 2012.

"The bankruptcy court's approval of a settlement agreement is reviewed for an abuse of discretion." *In re MQVP, Inc.*, 10-2225, 2012 WL 1233019, at *2 (6th Cir. Apr. 13, 2012) (unpublished) (citing *Lyndon Prop. Ins. Co. v. E. Ky. Univ.*, 200 F. App'x 409, 413 (6th Cir. 2006)). Under an abuse of discretion standard of review, "[t]he question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Mayor of Baltimore v. W. Va. (In re Eagle–Picher Indus., Inc.)*, 285 F.3d 522, 529 (6th Cir. 2002) (citations omitted).

# III. FACTS

From April 2007 until his termination in late February 2010, Daniel Peoples, Jr. ("Debtor") worked as an employee for Veolia Water North America Operating Service, Inc. and Veolia Water America, LLC (collectively, "Veolia"). In early-December 2010, Debtor retained counsel to pursue

employment discrimination claims against Veolia and filed a charge with the Equal Employment Opportunity Commission (the "EEOC").

On January 13, 2011, fifteen days after signing an amended EEOC charge, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Debtor failed to disclose his potential claims against Veolia in his bankruptcy schedules, Statement of Financial Affairs, and at his § 341 meeting of creditors. On March 17, 2011–three days after the meeting of creditors–Debtor filed suit against Veolia. In his suit, Debtor alleged racial discrimination and prayed for relief in excess of $25,000 dollars. Two weeks after filing suit, Debtor received his "right to sue" letter from the EEOC and amended his Complaint to include Title VII claims. Veolia removed Debtor's case to federal district court.

Debtor never notified the Chapter 7 trustee ("Trustee") of his discrimination claims, and the bankruptcy court entered an order discharging Debtor on June 2, 2011. Trustee eventually learned of Debtor's claims in late July 2011, and at Trustee's request, the bankruptcy court reopened the Debtor's bankruptcy case. On September 13, 2011, Veolia moved for summary judgment on Debtor's employment discrimination claims in the district court based upon judicial estoppel because Debtor failed to disclose the claims in proceedings before the bankruptcy court. Subsequently, Trustee assumed responsibility for prosecution of Debtor's claims. Trustee unsuccessfully attempted to retain an employment attorney who would pursue Debtor's discrimination claims on a contingency basis, and Debtor's estate lacked the resources to hire an attorney. Trustee negotiated with Veolia to settle Debtor's discrimination claims and obtained an $8,000 settlement offer. On December 21, 2011, Trustee filed a motion to settle and compromise Debtor's employment discrimination claims in the bankruptcy court. Debtor objected to Trustee's proposed settlement. On April 12, 2012, the bankruptcy court held a hearing on Trustee's motion to settle and Debtor's objection. The bankruptcy court issued an oral decision approving Trustee's motion to settle and entered a written order reflecting its judgment. Debtor timely filed his Notice of Appeal.

In his two-page Brief, Debtor argues that the bankruptcy court erred because of an alleged conflict of interest which prohibited Trustee from settling the discrimination claims, Trustee's

motion should have been stayed pending the outcome of a different case involving judicial estoppel, and because Trustee failed to obtain a large enough settlement.

## IV.   DISCUSSION

"On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. "When determining whether to approve a proposed settlement . . . 'the bankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable.' " *In re MQVP, Inc.*, 2012 WL 1233019, at *3 (citing *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988)).

The Supreme Court has set forth the general factors to be considered by the bankruptcy judge in determining whether a proposed settlement is fair and equitable:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Id.* (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25, 88 S. Ct. 1157 (1968)).

When considering a trustee's motion to compromise bankruptcy courts should consider four factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

-4-

*In re Bard*, 49 F. App'x 528, 530 (6th Cir. 2002) (quoting *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929)). *See also In re MQVP, Inc.*, 2012 WL 1233019, at \*3; *Lyndon Prop. Ins. Co. v. Katz*, 196 F. App'x 383, 387 (6th Cir. 2006). "Though *Bard* is an unpublished opinion, . . . [the Sixth Circuit continues] to apply its four-factor test when considering challenges to proposed settlement agreements in bankruptcy cases." *See In re MQVP, Inc.*, 2012 WL 1233019, at \*3 (citing Sixth Circuit case law).

In this case, the bankruptcy court correctly recognized and applied the standard for approving a bankruptcy trustee's motion to settle. Even though Debtor's claims alleged serious discrimination, Trustee could not find competent counsel willing to represent the estate, making it almost certain that Debtor's claims would result in zero recovery. Additionally, Veolia's pending summary judgment motion in the district court raised undecided issues of law which Trustee believed would require briefing, and Debtor's estate did not have any funds to adequately respond to that motion. As a result, Trustee negotiated his best settlement and moved to settle. No creditor objected to Trustee's proposed settlement.

The principal reason for Trustee's inability to hire employment counsel appears to be that Veolia, Debtor's former employer, raised the issue of judicial estoppel in the district court. "The doctrine of judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.' " *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814 (2001)). In *White*, a factually similar case, the Sixth Circuit found a debtor's prior representations to the bankruptcy court estopped her from litigating her employment discrimination claims in the district court. *See White*, 617 F.3d at 484. At the time the bankruptcy court entered judgment granting Trustee's motion to settle it was unclear whether judicial estoppel applies to a bankruptcy trustee if the trustee prosecutes a debtor's employment discrimination claims. *See Harrah v. DSW Inc.*, 852 F. Supp. 2d 900, 907 (N.D. Ohio 2012). After the bankruptcy court entered judgment, the Sixth Circuit held that judicial estoppel based on the debtor's representations to the bankruptcy court should not apply to a bankruptcy trustee. *Stephenson v. Malloy*, 700 F.3d 265 (6th Cir. 2012) (debtor's failure to disclose

claims does not prevent the bankruptcy trustee from pursuing them as the real party in interest). *See Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 905 (6th Cir. 2012) (citing *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (*en banc*) (innocent bankruptcy trustee should not be estopped, in line with rulings in the Seventh, Tenth, and Eleventh Circuits)). Given the unsettled case law at the time of its decision and the lack of experienced counsel willing to litigate the employment discrimination claims, we are unable to say that the bankruptcy court abused its discretion when it approved Trustee's motion to settle, despite subsequent developments in Sixth Circuit case law.

In his brief, Debtor also argues that Trustee made a mistake at the meeting of creditors which raised the judicial estoppel issue, and the case should have been stayed pending the outcome of an unrelated case involving the same legal issues. Debtor raises these issues for the first time on appeal. The Sixth Circuit has held that, in general, issues not presented to the trial court but raised for the first time on appeal are not properly before the appellate court. *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002); *see also Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 143 (6th Cir. 1997) ("It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice."). There is no reason in this case to depart from this well-settled policy.

## V. CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.